Vernis L. STOUT, Appellant,

v.

Laverne STOUT, Respondent.

No. 42454.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 9, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1981.

Application to Transfer Denied
Jan. 9, 1981.

James Knappenberger, St. Louis, for appellant.

Stanley Goldstein, St. Louis, for respondent.

REINHARD, Judge.

Husband filed a motion to modify that portion of the parties' 1969 divorce decree which awarded wife $60 per week alimony.

In his motion to modify, husband alleged: "(a) Since the time of the decree aforesaid, Petitioner [husband] has retired from his employment and has a substantial diminution in his earnings. (b) Respondent [wife] has had a substantial increase in her earnings by way of being a Social Security recipient. (c) Respondent [wife] has obtained diverse and other sources of income."

The evidence revealed that the husband was employed at the time of the decree of divorce and had retired and remarried prior to the filing of the motion to modify. The evidence revealed that his income had diminished.

The evidence showed that the wife had been injured in an automobile accident just prior to the divorce and was not working at the time of the divorce. She subsequently began receiving disability payments and had not been employed since. Wife's evidence also revealed that her expenses substantially exceeded her disability payments, a small union pension, and the interest off of a savings account and a certificate of deposit.

The court reduced the alimony payments from $60 per week to $30 per week.

Husband contends that the court erred in not eliminating all alimony payments. Initially, we note that the evidence clearly showed sufficient evidence "of changed circumstances so substantial and continuing as to make the terms unreasonable" pursuant to § 452.370, RSMo 1978, and the wife does not challenge this determination.

We have examined the court's order continuing alimony in the amount of $30 per week and find it is supported by substantial evidence and is not against the weight of the evidence. Neither does it erroneously declare nor apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An extended opinion would have no precedential value.

Accordingly, in compliance with Rule 84.-16(b), the judgment is affirmed.

CRIST, P. J., and SNYDER, J., concur.